Opinion
MARSHALL, J.
This is an appeal from the order denying defendant’s motion to suppress evidence.
An agent of the Federal Bureau of Investigation (FBI) submitted an affidavit to the United States District Court requesting that a warrant be issued to search the premises at 5335 West 146th Street, Lawndale, California. The agent sought illegal reproductions in violation of the federal law of copyright-protected sound recordings. The warrant was issued directing “any such agent of the Federal Bureau of Investigation to search for evidence of violation of 17 U.S. Code, section 1, 101(e) and *Supp. 3 104.” The search occurred on October 18, 1973. At the instance of the agent, two employees of A & M Records, a plaintiff in a civil action against the defendant in the state courts, participated. The affidavit in support of the warrant, however, made no mention of them.[1]
Special FBI Agent Altpeter notified the Los Angeles County Sheriff that tapes which allegedly violated state law were on the premises at 5335 West 146th Street. Sheriff’s deputies thereupon went to that address and conducted a search without the assistance of the FBI agents but with help from the A & M Records employees. No state warrant was procured. During the search, FBI agents were on the premises; in fact, they were there all day (October 18) and part of the early evening. The deputies seized a number of tapes and left a receipt for them on the premises.
Here we find that two searches occurred on the same day by two separate governmental units, one state and the other federal. The federal search was under the authority of a warrant, whereas the state search was not. The existence of a federal warrant does not metamorphose the state search into one with a warrant. A closely comparable situation is reported in United States v. Carney (M.D.Tenn. 1973) 356 F.Supp. 855, 857, except that the state agency in that case had secured the warrant and the federal authorities had not. The court in United States v. Carney stated: “. . . it [the federal search] cannot borrow from the state search’s legality in order to establish its own legality because it cannot be said, on these facts, that the ATF [federal] agents were merely assisting in a state search.” (356 F.Supp. at p. 857.) In the present case, as in Carney, we, too, cannot say that the state officers were “merely assisting” in the federal search.
Therefore, the search by the sheriff must be treated as warrantless and, per se, unreasonable (Coolidge v. New Hampshire (1971) 403 U.S. 443, 455 [29 L.Ed.2d 564, 576, 91 S.Ct. 2022]). We find no exigent circumstances which would exclude this case from the ambit of the general rule inasmuch as the FBI occupied the premises all day, and the sheriff had ample time to apply for a warrant. (People v. Sirhan (1972) 7 Cal.3d 710, 743 [102 Cal.Rptr. 385, 497 P.2d 1121]; see Coolidge v. New Hampshire, supra, pp. 471-478 [29 L.Ed.2d pp. 586-590]; Vale v. Louisiana (1970) 399 U.S. 30, 35 [26 L.Ed.2d 409, 413-414, 90 S.Ct. 1969]; Warden v. Hayden (1967) 387 U.S. 294 [18 L.Ed.2d 782, 87 S.Ct. 1642].)
*Supp. 4 The rule that contraband found during a search for items which were specifically mentioned in a warrant may be seized does not assist the People. The seizure in this case was not by federal agents; although the items were discovered by the federal agents, they were seized by the sheriff’s deputies. This point distinguishes the instant case from United States v. Green (5th Cir. 1973) 474 F.2d 1385[2] a case relied upon by the People. In Green, the search was conducted under exigent circumstances by firemen and a fire marshal, all urgently seeking the cause of a fire, during which investigation counterfeit plates were discovered. Federal agents, then contacted by telephone, identified the plates and “took custody” of them from the marshal. The court pointed out (p. 1390) that it was the duty of the fire marshal to seize the plates, and that he then had the right to turn them over to the federal agents. In actuality that is what occurred; the federal agents conducted no search for the plates but merely confirmed the belief of the marshal that they were in reality counterfeit plates. On the other hand, the sheriff’s deputies did search in the case sub judice and that is the nub of the matter.
The People’s reliance on Skelton v. Superior Court (1969) 1 Cal.3d 144 [81 Cal.Rptr. 613, 460 P.2d 485] is misplaced. In that case, a valid search warrant had been issued to the officers who, in their search for the items described in the warrant, found others. Here no warrant had been issued and the sheriff’s deputies cannot borrow the authority of the federal -warrant.
The order denying motion to suppress evidence is reversed.
Katz, P. J., and Holmes, J., concurred.

In view of the following discussion, we do not reach the question of the propriety of such omission.

 United States v. Carney, supra, also distinguishes United States v. Green, supra, observing that had the officers (in Carney) who had secured a warrant seized the item in dispute (a rifle silencer), a different situation would have been presented, one comparable to Green. The court in Carney declared that the absence of such fact distinguishes Carney from Green. Such distinction is also present here; the federal agents had not seized the records in question, instead the sheriff had done so. 356 F.Supp. at page 858, footnote 1.